UNITED STATES *v.* WALTHAM WATCH CO.

No. 5791.—Invoices dated Locarno, Switzerland, August 22, 1940, etc.
Certified August 23, 1940, etc.
Entered at Boston, Mass., September 11, 1940, etc.
Entry No. 1670, etc.

(Decided January 13, 1943)

*Paul P. Rao,* Assistant Attorney General (*Joseph B. Brady,* special attorney), for the plaintiff.
*William H. Collins* for the defendant.

COLE, Judge: These appeals to reappraisement, listed in schedule A attached hereto and made a part hereof, bring for determination the proper dutiable values of certain watch jewels, which were exported from Locarno, Switzerland, and imported at the port of Boston, Mass., during the months of August, September, and October, 1940.

The cases were brought before this court by the collector of customs at the port of entry, acting under the authority granted in section 501 of the Tariff Act of 1930, claiming higher dutiable values than the importer's invoice values which were accepted by the appraiser.

At the trial in December 1942, the attorneys for the respective parties submitted each case on the following oral stipulation:

It is hereby stipulated by and between the attorneys for the respective parties that the merchandise covered by the invoice in this appeal was entered and appraised on the basis of export value, as defined in section 402 (d) of the Tariff Act of 1930.

It is further stipulated and agreed that the values for the following items (enumerated in schedule B) represent the prices at which such or similar merchandise was freely offered for sale to all purchasers, in the principal markets of the country from which exported in the usual wholesale quantities, in the ordinary course of trade, for exportation to the United States, and that there were no higher foreign values at the time of exportation thereof.

It is further stipulated and agreed that the appeal herein is abandoned as to all merchandise, other than that itemized above.

Acquiescing in the above agreement, the court holds export value, as defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for appraisement of the merchandise enumerated in said schedule B, and that such values are those set forth therein for the respective items.

The appeals having been abandoned as to all other merchandise, they are dismissed insofar as they relate thereto.

Judgment will be rendered accordingly.